OPINION
 STATEMENT OF THE FACTS AND CASE
{¶ 1} In April, 1998, Appellants moved into the manufactured home park owned by Appellee.
{¶ 2} On or about October 11, 2001, Appellants filed an Application By Tenant to Deposit Rent with Clerk of Courts with the Licking County Municipal Court pursuant to R.C. § 5321.07(B)(1). Appellant attached copies of two letters addressed to Buckeye Lake Estates containing the heading "Notice to Correct Conditions", dated September 8, 2001, and October 8, 2001, respectively, to said Application. In such letters, Appellant makes reference to violations under R.C. Chapters 5321 and 3701.
{¶ 3} Appellee denies receipt of the September 8, 2001 notice.
{¶ 4} Appellee admits receipt of the October 8, 2001 notice.
{¶ 5} On November 5, 2001, the trial court conducted a hearing on this matter.
{¶ 6} By Judgment Entry dated November 16, 2001, the trial court denied Appellant's Affidavit Requesting Rent Withholding and ordered the escrowed funds to be disbursed to Appellee.
{¶ 7} It is from this decision which Appellant prosecutes the instant appeal, assigning the following errors for review:
 ASSIGNMENTS OF ERROR I. {¶ 8} "THE TRIAL COURT ERRONEOUSLY UTILIZED CHAPTER 5321, OHIO REVISED CODE, RATHER THAN CHAPTER 3733, OHIO REVISED CODE, WHICH APPLIES TO MANUFACTURED HOME PARKS."
 II. {¶ 9} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO ESCROW RENT UNTIL THE MANUFACTURED HOME PARK CORRECTED DEFICIENCIES THAT MADE THE ARE UNFIT AND UNSAFE."
 III. {¶ 10} "THE TRIAL COURT'S DECISION IS CONTRARY TO LAW AND IS AGAINST THE WEIGHT OF THE EVIDENCE."
 I.
{¶ 11} In their first assignment of error, Appellants argue that the trial court erred when it utilized R.C. Chapter 5321.
{¶ 12} As Appellants correctly state, R.C. Chapter 5321 does not govern a relationship between manufactured home park operators and their tenants, as this relationship is governed by R.C. § 3733.17.Schwartz v. McAtee (1986), 22 Ohio St.3d 14, 19.
{¶ 13} Landlords of residential premises have a duty to "make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition." R.C. § 5321.04(A)(2). A "park operator" has the same statutory duty to an "owner". R.C. §3733.10(A)(2).
{¶ 14} R.C. § 3733.10 requires a park operator to
 (1) Comply with the requirements of all applicable building, housing, health, and safety codes which materially affect health and safety and rules of the public health council;
 (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;
 (3) Keep all common areas of the premises in a safe and sanitary condition.
{¶ 15} R.C. § 5321.04(A) in part provides:
 (A) A landlord who is a party to a rental agreement shall do all of the following:
 (1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;
 (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;
 (3) Keep all common areas of the premises in a safe and sanitary condition;
 (4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by him.
{¶ 16} The two chapters are essentially identical but for the omission of a parallel statute in R.C. Chapter 3733 providing for termination of periodic tenancies as embodied in R.C. 5321.17. The reason for the omission is the recognition by the legislature that today's "mobile" homes have, by nature, become "immobile." Cooper v. Curtis 1991 WL 147797 Stark App. 5 Dist. July 22, 1991.
{¶ 17} We therefore find that while the trial court may have referenced the incorrect statute in its entry, such error was harmless because the review and consideration of the evidence would have been the same under either statute.
{¶ 18} Appellants' first assignment of error is overruled.
 II., III.
{¶ 19} In the second and third assignments of error, Appellants argue that the trial court abused it discretion in failing to escrow rent and that such decision was contrary to law and against the weight of the evidence. We disagree.
{¶ 20} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. State v. Martin (1983),20 Ohio App.3d 172. See also State v. Thompkins (1997), 78 Ohio St.3d 380. The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
{¶ 21} The trial court determined that the manufactured home unit was "fit and habitable". The Court further found that the common areas appeared "clean and safe and sanitary". In making its determination, it is clear from the court's entry that it considered the relevant evidence under R.C. § 3733.17, even though it referenced R.C. §5321.04(A).
{¶ 22} The Court reviewed the photographs and addressed the cracks in the slab supporting the trailer, what appeared to be new, uncracked blocks, properly secured tie-downs, the path to the patio which was paved with paver stones, as well as the damaged skirting. The trial court found that cracks in the slab and the damaged skirt did not render the unit unfit or uninhabitable. Additionally, the trial court addressed the inspection of the unit and the park by the Department of Health and the lack of any finding of any violations. . . . After having reviewed the record, we find that competent and credible evidence for the trial court's judgment exists. We further find that such decision was not arbitrary, unreasonable or unconscionable and therefore was not an abuse of discretion.
{¶ 23} Accordingly, we overrule Appellant's second and third assignments of error.
{¶ 24} The decision of the Licking County Municipal Court is affirmed.
By: BOGGINS, J. GWIN, P.J. and FARMER, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Municipal Court, Newark Ohio is affirmed. Costs to Appellant.